# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 7 |
| GNP MAINE HOLDINGS, LLC, | Case No. 14-12179 (MFW) |
| Debtor. | **Hearing Date**: TBD <br> **Objection Deadline**: TBD |

## PETITIONING CREDITORS' MOTION TO (1) TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412 AND FED. R. BANKR. P. 1014, AND (2) RESCHEDULE MEETING OF CREDITORS PURSUANT TO 11 U.S.C. §§ 105 AND 341 AND FED. R. BANKR. P. 2003

Petitioning creditors Hartt Transportation Systems, Inc., Lynch Logistics, Inc., and Lynco, Inc. (the "Petitioning Creditors") hereby request that the Court enter an order (1) transferring bankruptcy proceedings for GNP Maine Holdings, LLC (the "Debtor") to the United States Bankruptcy Court for the District of Maine (the "Maine Court"), and (2) rescheduling the meeting of creditors (currently scheduled for October 15, 2014) until after the Court decides the venue issue. In support of this motion (the "Motion"), the Petitioning Creditors state as follows:

### PRELIMINARY STATEMENT

Chapter 7 bankruptcy cases are currently pending by the Debtor in this Court, and against the Debtor in the Maine Court. This Court must now decide which of these two courts is the proper venue based on "the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Applying the relevant factors under applicable law, the clear focus of the Debtor's bankruptcy case is in Maine, and the only connection to Delaware is that the Debtor is a Delaware entity. *First*, based on the matrix of creditors filed by the Debtor, more than 56% of the creditor body is in Maine, while less than 1% is in

Delaware, and numerous Maine creditors have consented or expressed support for the relief requested in this Motion. Moreover, upon information and belief, all of the Debtor's assets and operations are in Maine. ***Second***, upon information and belief, most relevant witnesses, including current and former employees and managers, reside in Maine. ***Third***, the case may be more economically administered in Maine because of the Maine Court's familiarity with the history, operations, and constituencies involved, having presided over a previous bankruptcy involving the same mill assets filed in 2002 (and still pending) before the Maine Court. Further, the administrative costs of the case relating to professional fees and travel will be lower in Maine, and thus the distribution to creditors will be enhanced. ***Fourth***, those representing the public interest – including Maine's Attorney General, the towns of East Millinocket and Millinocket, and the employees' unions – have indicated support for the Motion. The Maine-based controversies that are likely to arise in this case should be decided by the Maine Court. For these reasons, the Petitioning Creditors request that the Court enter an order transferring venue to Maine.

A meeting of creditors is currently scheduled in this matter for October 15, 2014. Given that the relevant venue factors all point to Maine, not Delaware, the Petitioning Creditors do not see what can possibly be gained by holding a meeting so far removed from most of the Debtor's active creditor body, which wishes to be meaningfully involved in examining the Debtor about its operations, assets, and liabilities at such a meeting. They are also concerned that much may actually be lost by a temporary trustee incurring unnecessary and duplicative administrative expenses preparing for such a rushed meeting when the Debtor has, to date, failed to file any of its schedules and

statements. Given that there is little to be gained from holding the meeting on October 15th, and much may be lost as a result, the Petitioning Creditors request that the Court exercise its inherent authority to reschedule the meeting.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a), and the standing order of reference entered by the United States District Court for the District of Delaware on February 29, 2012.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has Constitutional authority to enter a final order on this Motion.

3. Venue is proper both in this Court and in the Maine Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

4. On September 22, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief in this Court pursuant to chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

5. According to a video posted on the Debtor's website, the Debtor's paper mill in northern Maine has operated for over 100 years, and at the turn of the century, the mill was the largest paper mill in the world. See www.greatnorthernpaper.com. Upon information and belief, all the Debtor's assets and operations are located in Millinocket and East Millinocket, Maine.

6. On the Petition Date, the Debtor also filed: (a) a creditors' matrix listing 1,159 creditors, including 652 creditors in Maine (56.25%) and only 10 in Delaware

(.86%); and (b) a disclosure that the Debtor paid its Delaware attorney $135,302 in the 3 days prior to the Petition Date.

7. A meeting of creditors under section 341 of the Bankruptcy Code has been scheduled in Wilmington, Delaware on October 15, 2014 (the "Meeting of Creditors").

8. On September 23, 2014, without notice or knowledge of the voluntary filing, the Petitioning Creditors filed an involuntary petition for relief against the Debtor under chapter 7 of the Bankruptcy Code in the Maine Court, Case No. 14-10756.

9. Promptly upon learning of the Debtor's voluntary filing in this Court, the Petitioning Creditors filed a notice with the Maine Court pursuant to Rule 1014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") advising the Maine Court of the case pending before this Court, and on September 24, 2014, the Maine Court entered an order staying further proceedings "pending determination by the Delaware Bankruptcy Court where the case should proceed."

10. On September 24, 2014, the Petitioning Creditors also filed a notice with this Court pursuant to Bankruptcy Rule 1014 advising this Court of the case pending before the Maine Court, and on September 25, 2014, this Court entered an order scheduling a status conference in this case for October 22, 2014.

11. Prior to filing this Motion, counsel for the Petitioning Creditors discussed the relief requested herein with other central constituencies of the Debtor's creditor body.

    (a) Maine's Attorney General, through counsel, has indicated her support for transferring venue to the Maine Court.

    (b) The towns of Millinocket and East Millinocket, through counsel, have indicated their support for transferring venue to the Maine Court and anticipate filing papers joining in the Motion.

    (c)    The United Steelworkers and the International Association of Machinists and Aerospace Workers (together, the "Unions") represent most of the Debtor's current and former employees. Through counsel, the Unions indicate that, under the circumstances of this case, they support transferring venue to the Maine Court so that the Debtor's employees and their local representatives may more easily and fully participate.

    (d)    As of the time of the filing of this Motion, the following trade creditors listed on the Debtor's creditors' matrix have consented to the Motion, either directly or through counsel: Affiliated Healthcare Systems of Bangor, Maine; Cross Insurance of Bangor, Maine; SPC Transport, Co. of Auburn, Maine; H.C. Haynes, Inc. of Winn, Maine; Timberland Trucking, Inc. of Millinocket, Maine; Gerald Pelletier, Inc. of Millinocket, Maine; Millinocket Fab & Machine Inc. of Millinocket, Maine; Maine Environmental, LLC of Hermon, Maine. The Petitioning Creditors will supplement this list as necessary.

## RELIEF REQUESTED

12. Pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 1014, the Petitioning Creditors request that this Court enter an order transferring venue for the Debtor's bankruptcy proceedings to the Maine Court "in the interest of justice or for the convenience of the parties."

13. Pursuant to sections 105 and 341 of the Bankruptcy Code and Bankruptcy Rule 2003, the Petitioning Creditors further request that this Court enter an order rescheduling the Meeting of Creditors until after the Court decides the venue issue.

## BASIS FOR RELIEF

**I.  Venue Transfer**

    **A.  Relevant Legal Standard**

14. Under 28 U.S.C. § 1412, a court "may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Under Bankruptcy Rule 1014, this standard applies whether

{BAY:02582328v1}

5

the court is considering venue issues in the context of a single case in a single district, or multiple cases in multiple districts, relating to a single debtor.

15. The decision to transfer venue is solely within the discretion of the bankruptcy court. In re Centennial Coal, Inc., 282 B.R. 140, 146 (Bankr. D. Del. 2002). The party requesting transfer of forum bears the burden of proof, but "if the party meets its burden by the preponderance of the evidence, the court in its discretion may transfer a case in the interest of justice or for the convenience of the parties." In re Rehoboth Hospitality, LP, No. 11-12798 (KG), 2011 WL 5024267, at *3 (Bankr. D. Del. Oct. 19, 2011).

16. In determining whether to transfer a case, bankruptcy courts consider the following relevant factors:

> (a) proximity of creditors of every kind to the court;
> (b) proximity of the debtor;
> (c) proximity of witnesses who are necessary to administration of the estate;
> (d) the location of the debtor's assets;
> (e) the economic administration of the estate; and
> (f) the necessity for ancillary administration in the event of liquidation.

In re Innovative Commc'n Co., 358 B.R. 120, 126 (Bankr. D. Del. 2006); see also 1 Alan Resnick & Henry Sommer, Collier on Bankruptcy ¶ 4.05[3][a][ii], at 4-33 to 4-34 (16th ed. rev. 2014).

17. The court "also has discretion to consider other private and public interest factors." In re Qualteq, Inc., No. 11-12572 (KJC), 2012 WL 527669, at *5 (Bankr. D. Del. Feb. 16, 2012) (citing Innovative Commc'n, 358 B.R. at 126-27). Such private and public interest factors include "the state's interest in having local controversies decided

within its own borders." Hechinger Inv. Co. of Del.. v. M.G.H. Home Improvement, Inc., 288 B.R. 398, 402-03 (Bankr. D. Del. 2003).

    **B.    Venue Should be Transferred to Maine Because (1) Most of the Debtor's Creditors and All of its Assets and Operations Are in Maine, (2) Most Witnesses Necessary to Administration of the Estate Are in Maine, (3) the Case May be More Economically Administered in Maine, and (4) Maine has a Public Interest in Having Local Controversies Decided Within its Own Borders**

    18.    In the Debtor's case, the factors relevant to venue favor Maine, rather than Delaware. *First*, while the Debtor itself is undisputedly a Delaware entity, none of its assets or operations are in Delaware. Over 56% of the Debtor's creditors are in Maine, while less than 1% are in Delaware. As one bankruptcy court noted in a similar venue dispute between Massachusetts and Delaware:

> [T]he Debtor's contacts with Delaware are minimal . . . . Other than the Debtor being incorporated there . . . there is no other apparent connection to Delaware . . . . The Debtor's contacts with Massachusetts are substantial, more so than any other place in the World. The Debtor's operations are here; its assets are here; its current and former employees are here; and its management is here. Many of its creditors (measured in both numbers of creditors and the amounts owed to them) are here, too, notably from the list of the 30 largest unsecured creditors . . . . Clearly, the Debtor's venue selection was not based on the convenience of these constituencies given their geographic connection to Massachusetts.

In re Malden Mills Indus., Inc., 361 B.R. 1, 10 (Bankr. D. Mass. 2007) (Rosenthal, J.). Similarly in this case, the Debtor's contacts with Delaware are minimal, while the contacts with Maine "are substantial, more so than any other place in the World." This factor, therefore, favors transfer to Maine.

    19.    *Second*, most key witnesses necessary to resolve disputes about administration of the Debtor's estate, such as current and former employees and managers, are likely in Maine, not Delaware. Thus, these witnesses are likely beyond

this Court's subpoena power. Even if such witnesses are willing to voluntarily appear in Delaware to participate in these proceedings, the travel costs would impose a significant expense on the estate. This factor also favors transfer to Maine.

20. ***Third***, the Debtor's bankruptcy proceedings may be more economically administered in Maine than Delaware. The Maine Court is very familiar with the Debtor's history, operations, and constituencies, having presided over previous bankruptcy proceedings involving the same mill assets that began in 2002 and still remains pending before the Maine Court today. See Malden Mills, 361 B.R. at 10 ("This Court is very familiar with the facts and litigants, having presided over the Debtor's previous reorganization in Massachusetts."); see also In re Consol. Equity Props., Inc., 136 B.R. 261, 267 (D. Nev. 1991) (transferring venue from Texas to Nevada due to Nevada court's familiarity with facts). The Maine Court's familiarity will likely provide great efficiency to resolving this case. Further, administrative expenses relating to professional fees and travel will be dramatically lower in Maine than in Delaware, and thus the ultimate distribution to creditors will be enhanced. This factor also favors transfer to Maine.

21. ***Fourth***, Maine has a substantial public interest in having local controversies resolved by courts within its borders. The largest "public interest" creditors and parties-in-interest – the State of Maine (through its Attorney General) and the towns of Millinocket and East Millinocket (where the Debtor's assets are located) – have indicated support for venue transfer to Maine. The Maine-based controversies that are likely to arise in this case should be decided by the Maine Court. For instance, the town East Millinocket has contracted with the Debtor to have its municipal wastewater treated

by the mill's secondary wastewater treatment plant; the potential health and safety issues are local ones. Similarly, given the cold temperatures this time of year in northern Maine, the Debtor's mill must be begin to be heated in the near term to maintain the operability and value of the paper machines; again, this issue is best handling locally rather than remotely. Further, the Unions, which represent most of the Debtor's current and former employees – nearly all of whom reside in northern Maine – have expressed support for this Motion under the circumstances of this case so that the employees and their local representatives may more easily participate. This factor also favors transfer to Maine.

22. Given the context of this matter, and thus the weight of the factors tips strongly toward Maine under 28 U.S.C. § 1412 and Bankruptcy Rule 1014.

## II.    Rescheduling Meeting of Creditors

### A.    Relevant Legal Standard

23. A meeting of creditors must be held "within a reasonable time after the order for relief . . . [and] the United States Trustee shall convene and preside" at such a meeting. 11 U.S.C. § 341(a). In general, the meeting must "be held no fewer than 21 and no more than 40 days after the order for relief." Fed. R. Bankr. P. 2003(a). The statute and rules provide certain exceptions to both the scheduling and timing of such meetings. See, e.g., 11 U.S.C. § 341(e) (pre-packaged plan filed); Fed. R. Bankr. P. 2003(a) (appeal of motion to vacate order for relief; motion to dismiss case).

24. "Although the rules do not address the issue, there is little doubt that the court has authority to change the date of the section 341 meeting or to make other orders concerning the meeting." 3 Collier on Bankruptcy ¶ 341.02[1], at 341-7; see also In re

{BAY:02582328v1}
9

Vance, 176 B.R. 772 (Bankr. W.D. Va. 1995) ("It is, therefore, imperative and appropriate that this Court have jurisdiction over section 341 meetings, their scheduling, continuances, and so forth, if necessary"); In re Astri Inv., Mgmt. & Secs. Corp., 88 B.R. 730 (D. Md. 1988).

### B. The Meeting of Creditors Should be Rescheduled to Avoid Unnecessary and Duplicative Administrative Expenses and to Ensure That the Meeting Serves the Core Purposes of 11 U.S.C. § 341

25. As described above, the relevant venue factors all point to Maine, not Delaware. In light of this, the Petitioning Creditors do not see what can possibly be gained by rushing to hold the Meeting of Creditors in Wilmington, Delaware, far removed from most of the Debtor's creditors and other parties-in-interest, who are located in northern Maine.

26. *First*, the Debtor's insolvency in Maine has been an unusually extended and public affair. Since the Debtor shuttered its mill in early 2014, there have been dozens of news stories in Maine about the Debtor's failure to pay its creditors, including municipal taxes and trade vendors. According to public records, approximately 20 trade creditors, including the Petitioning Creditors, have obtained judgments and were in various stages of enforcement and execution on the Petition Date. The municipal creditors had or were in the process of recording liens against the Debtor's assets. This active creditor body wishes to be involved in examining the Debtor at any meeting of creditors, and holding such a meeting in Delaware rather than Maine will deny these creditors meaningful involvement.

27. *Second*, as of the date of this Motion, the Debtor has failed to file any of its required schedules and statements. Rushing to hold the Meeting of Creditors without

the benefit of this foundational information about assets and liabilities undermines "[t]he chief function of the meeting" which is "for creditors to . . . examine the debtor and be heard generally in an advisory capacity on questions concerning administration of the estate." 3 Collier on Bankruptcy ¶ 341.01, at 341-4. Asking creditors to proceed with the Meeting of Creditors in any forum without the opportunity to analyze this information is both wasteful and unproductive. Moreover, even if the Debtor files the schedules and statements within the time allowed by Bankruptcy Rule 2003(a), the trustee and creditors will have only a week to analyze the documents, which may be insufficient time to examine the anticipated volume of documents.

28.   *Third*, the Petitioning Creditors are concerned about the administrative expenses that will be incurred if the interim trustee holds the Meeting of Creditors before the Court decides the venue issues. The trustee will certainly need to expend significant time and resources to adequately prepare for the meeting and learn about the Debtor's business operations, assets, and liabilities. If the matter is promptly transferred to Maine, as requested above, an eligible interim trustee can promptly schedule and hold a meeting of creditors in Maine, close to most of the Debtor's creditors and other parties-in-interest.

29.   *Fourth*, some have suggested that the Meeting of Creditors should be held promptly in Delaware, and if this Court transfers the case to Maine, the new trustee may hold an additional meeting. This sort of unnecessary duplication of efforts in the two jurisdictions will harm creditors and reduce the funds available for an ultimate distribution.

30.   For these reasons, the Petitioning Creditors request that the Meeting of Creditors be rescheduled until after the Court decides venue issues.

WHEREFORE, the Petitioning Creditors respectfully request that the Court enter an order (1) granting the Motion, (2) transferring venue of the Debtor's bankruptcy proceedings to the Maine Court pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 1014, and (3) rescheduling the Meeting of Creditors until after the Court decides venue issues pursuant to sections 105 and 341 of the Bankruptcy Code and Bankruptcy Rule 2003.

Dated: September 26, 2014
       Wilmington, DE

BAYARD, P.A.

*/s/ Evan T. Miller*
GianClaudio Finizio (No. 4253)
Evan T. Miller (No. 5364)
222 Delaware Ave., Suite 900
Wilmington, Delaware 19899
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
E-mail: gfinizio@bayardlaw.com
      emiller@bayardlaw.com

-and-

Jeremy R. Fischer, Esq.
DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, Maine 04101-2480
Telephone: (207) 772-1941
Facsimile: (207) 772-3627
E-mail: jfischer@dwmlaw.com

*Attorneys for Petitioning Creditors Hartt Transportation Systems, Inc., Lynch Logistics, Inc., and Lynco, Inc.*