IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>GNP MAINE HOLDINGS, LLC,<br><br>                      Debtor. | Chapter 7<br><br>Case No. 14-12179 (MFW)<br><br>**Hearing Date: October 3, 2014**<br>**Objection Deadline: TBD**<br>**Related to Docket Nos.: 10 and 11** |

**JOINDER OF THE MAINE ATTORNEY GENERAL TO THE PETITIONING
CREDITORS' MOTION TO (1) TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412
AND FED. R. BANKR. P. 1014, AND (2) RESCHEDULE MEETING OF CREDITORS
PURSUANT TO 11 U.S.C. §§ 105 AND 341 AND FED. R. BANKR. P. 2003**

The Maine Attorney General, by and through counsel, hereby joins the *Petitioning Creditors' Motion to (1) Transfer Venue Pursuant to 28 U.S.C. § 1412 and Fed. R. Bankr. P. 1014, and (2) Reschedule Meeting of Creditors Pursuant to 11 U.S.C. §§ 105 and 341 and Fed. R. Bankr. P. 2003*(hereinafter the "Venue Motion"), and in support thereof states as follows:

Facts Concerning the Office of the Maine Attorney General

1. The Petitioning Creditors in this matter are Hartt Transportation Systems, Inc., Lynch Logistics, Inc., and Lynco, Inc. (hereinafter the "Petitioning Creditors").

2. The joinder, Janet T. Mills (hereinafter the "Maine Attorney General"), is the duly elected Attorney General of the State of Maine.

3. The Maine Attorney General's office was constitutionally created to serve as the chief law officer of the State of Maine. *See Lund ex rel. Wilbur v. Pratt*, 308 A. 2d 554 (Me. 1973).

4. In accordance with 5 M.R.S.A. § 191-A(3), the Attorney General represents the State in all civil actions and proceedings in which the State is a party-in-interest.

5. Moreover, "in the absence of some express legislative restriction to the contrary, [the

Attorney General may] exercise all such power and authority as public interests may, from time to time require, and may institute, conduct, and maintain all such actions and proceedings as [s]he deems necessary for the enforcement of the laws of the State, the preservation of order, and the protection of public rights." *Lund ex rel. Wilbur*, 308 A. 2d at 558.

6. Several Maine state governmental agencies have been listed by the debtor, GNP Maine Holdings, LLC (hereinafter the "Debtor" or "GNP"), on its creditors' matrix. Accordingly, multiple government agencies of the State of Maine appear to have a claim against, or an interest in, the Debtor's bankruptcy estate. The claims and interests set forth below are those that are known at this time. It is likely that, as more facts are unearthed, additional state governmental units will become involved in this bankruptcy proceeding. At this early stage, the following claims and interests are known to exist at the state level:

a. The Bureau of Parks and Land, a division of the Maine Department of Agriculture, Conservation, and Forestry, is the holder of a pre-petition claim in the amount of $25,066.08 for 500 tons of pulpwood delivered to GNP in 2013.

b. The Maine Department of Environmental Protection (hereinafter "Maine DEP") is the primary environmental regulatory agency for the State of Maine. The paper mill in East Millinocket, Maine, which is believed to be owned by the Debtor, is regulated in several respects by Maine DEP. Maine DEP is currently evaluating the monetary claims and regulatory actions that it may bring against GNP and/or its bankruptcy estate. Of immediate concern, however, is the operations of the secondary wastewater treatment plant and pump stations at the East Millinocket mill, which also serve as a wastewater treatment system for the Town of East Millinocket and the State of Maine's secure landfill located within close proximity thereto. The Maine Attorney General respectfully submits that, because of potential public health and safety

concerns, immediate action is required to ensure that the East Millinocket mill continues to operate the wastewater treatment system for the benefit of the inhabitants of East Millinocket and the State's landfill, and further respectfully submits that a local trustee, under the supervision of the United States Bankruptcy Court for the District of Maine, is in the best position to timely and effectively respond to this public health and safety concern, and similar concerns that may arise.

    c. For several years, the State of Maine, largely through the Department of Economic and Community Development (the "DECD"), has been actively involved in efforts to revive the local economies of Millinocket, East Millinocket, and the surrounding towns by, *inter alia*, restoring the mills' workforce and finding ways to increase the Debtor's revenues so that it may, in turn, pay delinquent municipal tax assessments that are believed to be in excess of $650,000.00. Recently, these efforts have been focused on finding an investor or a group of investors dedicated to resuming operations at the East Millinocket mill and following through with plans to develop a renewable energy plant at the site of the shuttered sister mill in neighboring Millinocket. The DECD is on record as saying that GNP's Chapter 7 bankruptcy filing will <u>not</u> deter these efforts. For those with boots on the ground, it is beyond reasonable dispute that restarting operations at the East Millinocket mill and developing an economically viable use of the Millinocket mill are essential to the affected region, and that a failure do to so would have far-reaching adverse economic repercussions in northern Maine. In this respect, the State of Maine and its citizens have a significant interest in GNP's bankruptcy proceeding, including in particular, but not necessarily limited to, any proposed use, sale, or lease of the East Millinocket and/or Millinocket mills pursuant to 11 U.S.C. § 363.[1] The Maine Attorney General respectfully submits that the public interests identified herein would be better served by the

---

[1] The Maine DEP would likewise have an interest in any and all § 363 motions, particularly with respect to successor liability issue(s).

3

appointment of a local trustee acting under the supervision of the United States Bankruptcy Court for the District of Maine.

7. It is well-neigh conclusive that the liquidation of GNP under Chapter 7 of the United States Bankruptcy Code will be a long and contentious, and likely will require numerous contested hearings. Maine's governmental agencies are funded by tax revenues collected from Maine taxpayers. To the extent that Maine state employees would be required to appear and testify at contested hearings and trials scheduled in Delaware, the considerable travel expenses would necessarily have to be passed on to the Maine taxpayers.

8. The Maine Attorney General adopts and supports the arguments, *in toto*, set forth in the Venue Motion. Upon information and belief, most, if not all, of the Debtor's assets and operations are situated in Maine, as are 56% of the Debtor's creditors, many of which are displaced mill workers or local trade vendors located in rural northern Maine. It is safe to assume that thousands of individual Mainers, including but not necessarily limited to current and former employees and their families, and small business owners and trade vendors, have been, and will continue to be, negatively impacted by the bankruptcy filing of GNP. The Maine Attorney General fears that because of the prohibitive costs and time commitments that would be forced upon those individual Maine citizens and small business owners seeking to participate in any meaningful way, her constituents' legal rights would not be vindicated if GNP's bankruptcy case remains in Delaware. Indeed, unless GNP's bankruptcy case is transferred to the District of Maine, where a majority of the parties are located, a significant number of Maine-based creditors and parties-in-interest would be deterred, if not completely disenfranchised, from active and meaningful participation. A *de facto* disenfranchisement of 56% of the creditors cannot be reconciled with the "interest of justice." *See* 28 U.S.C § 1412.

9. Here, the United States Bankruptcy Court for the District of Maine is particularly well-situated to handle the administration of this Debtor's estate. As the Venue Motion correctly points out, "[t]he Maine Court is very familiar with the Debtor's history, operations, and constituencies, having presided over previous bankruptcy proceedings involving the same mill assets that began in 2002 and still remains pending before the Maine Court today." *See Venue Motion*, at ¶ 20. In light of the foregoing, transferring this case to the District of Maine promotes judicial economy.

## Jurisdiction and Venue

10. The Maine Attorney General adopts and incorporates by reference herein the *Jurisdiction and Venue* section set forth in the Venue Motion.

## Factual Background

11. The Maine Attorney General adopts and incorporates by reference herein the *Factual Background* section set forth in the Venue Motion.

## Relief Requested

12. The Maine Attorney General adopts and incorporates by reference herein the *Relief Requested* section set forth in the Venue Motion.

## Basis for Relief

13. The Maine Attorney General adopts and incorporates by reference herein the *Basis for Relief* section set forth in the Venue Motion.

14. For the reasons set forth in paragraphs 1 through 13 hereof, the Maine Attorney General asserts that the State of Maine and its citizens have a more substantial interest in GNP's bankruptcy estate than any other venue, and therefore respectfully asks that this Court allow the Debtor's bankruptcy estate to be administered within its borders.

WHEREFORE, the Maine Attorney General respectfully request that this Honorable Court (A) Grant, in *toto*, the relief requested in the Motion and (B) provide further relief as it deems just and proper.

Dated:   October 1, 2014, in Augusta, Maine.

                Respectfully submitted,

                JANET T. MILLS
                Maine Attorney General

                /s/Kevin J. Crosman
                Kevin J. Crosman
                Assistant Attorney General
                Attorney for the Attorney General
                Office of Attorney General
                6 State House Station
                Augusta, Maine 04333
                (207) 626-8846
                kevin.crosman@maine.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In the matter of:

**GNP Maine Holding, LLC**           Chapter 7
                                     Case No. 14-12179 (MFW)

      Debtor

<u>CERTIFICATE OF SERVICE</u>

     I, Kevin J. Crosman, Attorney for the Maine Attorney General, hereby certify that I have this day made service electronically on all the parties listed on the Notice of Electronic filing pursuant to the Bankruptcy Court's ECF system of the foregoing **JOINDER OF THE MAINE ATTORNEY GENERAL TO THE PETITIONING CREDITORS' MOTION TO (1) TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412 AND FED. R. BANKR. P. 1014, AND (2) RESCHEDULE MEETING OF CREDITORS PURSUANT TO 11 U.S.C. §§ 105 AND 341 AND FED. R. BANKR. P. 2003** and of this Certificate of Service. I also hereby certify that I have served the individuals and entities indicated below pursuant to the Bankruptcy Court's ECF system.

Mark D. Olivere, Esq., Debtor's Counsel

T. Patrick Tinker, Assistant United States Trustee

Katherine L. Mayer, Esq., Counsel to Chapter 7 Trustee

Jeffrey T. Testa, Esq., Counsel to Chapter 7 Trustee

Susan E. Kaufman, Esq., Counsel to United Steelworkers

David R. Jury, Esq., Counsel to United Steelworkers

Charles A. Stanziale, Jr., Chapter 7 Trustee

Jeremy Fishcer, Esq., Counsel to Petitioning Creditors Hartt Transportation, Inc., Lynch Logistics, Inc., and Lynco, Inc.

Evan T. Miller, Esq. Counsel to Petitioning Creditors Hartt Transportation, Inc., Lynch Logistics, Inc., and Lynco, Inc.

Joseph T. Huston, Jr., Esq., Counsel to the Towns of Millinocket and East Millinocket

Sam Anderson, Esq., Counsel to the Towns of Millinocket and East Millinocket

7

*All parties being served electronically*

Dated: October 1, 2014 /s/Kevin J. Crosman
Kevin J. Crosman
Assistant Attorney General
Attorney for State Tax Assessor
Office of Attorney General
6 State House Station
Augusta, Maine 04333
(207) 626-8846
kevin.crosman@maine.gov